IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES ANTHONY DREAD,　　　　　:

　　　Petitioner　　　　　　　　　　:

　　　　v.　　　　　　　　　　　　　:　　CIVIL ACTION NO. PX-18-1177

MARYLAND STATE POLICE,　　　　　:

　　　Respondent　　　　　　　　　:

**MEMORANDUM OPINION**

On April 20, 2018, the Clerk received Petitioner Charles Anthony Dread's pleading on

forms used to petition the Court for a writ of habeas corpus. ECF No. 1. A $5.00 filing fee was

included, together with an 11-page attachment titled "Petition for a Writ of Certiorari." ECF No.

1-1. After reading the Petition and its attachment and reviewing Dread's prior state court actions

found on the Maryland Judiciary Case Search website[1], the Court nonetheless could not discern

the nature of the claim. The action was docketed and construed as a habeas Petition under 28

U.S.C. § 2241, and Dread was provided an opportunity to amend his Petition, setting forth

information concerning the matter he was challenging. ECF No. 2. Dread has complied. ECF

No. 3.

The following information, gleaned from Dread's submissions and information obtained

from Maryland's electronic docket,[2] leads to the conclusion that Dread is seeking mandamus

---

[1] Maryland Judiciary Case Search is found at http://casesearch.courts.state.md.us/casesearch.

[2] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

relief from this Court. In 1989, Dread, employed as a trooper with the Maryland State Police, was administratively charged for violating departmental policy. ECF No. 3-5. A hearing was held before the Administrative Hearing Board of the Department of Public Safety and Correctional Services ("DPSCS"). See generally ECF No. 3-4. On April 24, 1991, the Board then issued its finding that Dread was guilty of four of six disciplinary charges and recommended to the Maryland State Police through its Superintendent that Dread be terminated from employment.[3] ECF No. 3-3, p. 1(referencing IAU Case No. U-31-00037). The Superintendent agreed, and decided that Dread's termination would be effective May 1, 1991, unless Dread took disability retirement by that same date; if Dread elected disability retirement, the disciplinary termination would "be held in abeyance." *Id.*

On May 16, 1996, Dread appealed the agency decision. *See Maryland State Police v. Dread,* Case No. 03-C-96004893 (Cir. Ct. Balto. Cty. 1996); ECF No. 3-1, p. 2-23, Memorandum of Charles Dread. The appeal was denied on February 7, 1997. *Dread*, Case No. 03-C-96004893, Docket Entry 15/2. Dread appealed the dismissal to the Court of Special Appeals of Maryland, where it was denied on September 22, 1997. *Id.,* Docket Entry 26. A writ of certiorari to the Court of Appeals of Maryland was denied on February 13, 1998. *Id.*, Docket Entry 30. Although unclear, it appears from the docket that Dread attempted to reopen appellate proceedings on July 26, 2017. *Id.*, Docket Entry 32. On January 29, 2018, the Court of Special Appeals declined to issue a writ of certiorari. *Id.*, Docket Entry. 37. The mandate issued on April 19, 2018. *Id.*, Docket Entry 39.

Dread seeks to compel a different result here, claiming that Maryland State Police rules

---

[3] Petitioner, who is African-American, claims he allowed a white woman to sit in his patrol car following a traffic accident. The woman later asserts that she saw an unsecured handgun on the seat of the patrol car. The gun later was determined to have been stolen. ECF No. 3, pp. 6-7. Petitioner avers that his due process rights were violated and that the gun was planted, ECF No. 1-1, p. 2, or was stolen or owned by the woman he had assisted. ECF No. 3-1, p. 11.

and policies were violated (ECF No. 1, p. 5) and the "charging document" that led to his termination was falsified (ECF No. 1, p. 3). Dread also claims generally that his due process rights were violated. ECF No. 3, p. 7. He asks this Court to reverse the April 25, 1991 Superintendant's decision, exonerate him of the disciplinary charges, and allow his official retirement from the MSP at an "elevated rank," and $4,000,000.00 in compensatory and punitive damages. ECF No. 3, p. 7.

Under 28 U.S.C. § 1361 a federal district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. To meet the requirements for mandamus relief, a petitioner must show that: (1) he has the clear legal right to the relief sought; (2) the respondent has a clear legal duty to do the particular act requested; and (3) no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). Petitioner's failure to show any of these prerequisites defeats a district court's jurisdiction to hear the case under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Dread has not met this threshold burden in his pleadings. Moreover, Dread's situation, as pleaded, does not present the kind of situation where the Court's mandamus authority could or should be exercised.

To the extent Dread complains that his due process rights were violated, this claim fares no better. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents to the suit. *See Pennhurst State Sch. and Hosp. v. Halderman*,

465 U.S. 89, 100 (1984). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its Eleventh Amendment immunity to suit in federal court. Thus, Dread's complaint against the Maryland State Police is barred by the Eleventh Amendment.

Furthermore, where a final judgment was reached on the merits in a prior suit for identical claims involving identical parties or their privies in the two suits, *res judicata* precludes the later filed suit from proceeding. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005); s*ee also Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). Importantly, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.*, quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989). In Dread's case, the facts and arguments set forth in his complaint were previously known and available to Dread in 1991 when he unsuccessfully challenged the agency findings and termination of his employment. Thus, as the Court explained in dismissing Dread's 2015 case against the Secretary of the Maryland State Police, *see Dread v. Pallozzi*, No. PWG-15-1649, ECF No. 5, this action is barred by the doctrine of *res judicata* and must be dismissed.

A separate Order shall be entered in accordance with this Memorandum Opinion.


Date:   5/22/18                                             /S/
                                          _____
                                          Paula Xinis
                                          United States District Judge